MARTIN W. JUDNICH
VINCENT J. PAVLISH
Law Office of Martin W. Judnich P.C.
501 S. Russell Street
Missoula, MT 59801
(406) 721-3354
Marty@JudnichLaw.com

*Attorneys for Plaintiffs*

FILED MAY 18 2018
SHIRLEY E. FAUST Clerk
By _____ Deputy

MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

| | |
|---|---|
| KIMBERLY GIFFIN.<br><br>Plaintiff.<br><br>-vs-<br><br>ALLSTATE FIRE & CASUALTY INSURANCE COMPANY.<br><br>Defendant. | Dept. No. 4   Karen S. Townsend<br>Cause No. DV-18-703<br>Hon. Karen S. Townsend<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff Kimberly Giffin, by and through her attorneys of record, the JUDNICH LAW OFFICE, and for claims against Defendant, complains and alleges as follows:

1. At all relevant times, Kimberly was a resident of Missoula County, Montana.

2. Defendant Allstate Fire & Casualty Insurance Company ("Allstate") is, and was at all relevant times, a resident corporation providing automobile insurance to residents of Missoula County, Montana.

3. An automobile insurance contract existed between Kimberly and Allstate to provide insurance coverage for Kimberly under various circumstances.

4. The insurance policy required the payment of premiums for these various insurance coverage, including but not limited to Underinsured Motorist Coverage (UIM).

5. UIM coverage exists to cover losses in excess of a lower policy limit carried by a tortfeasor.

6. Insurance premiums were paid and up to date to provide coverage as of at least September 21, 2015.

7. On about September 21, 2015, Kimberly was involved in a motor vehicle collision caused by another vehicle.

8. This other vehicle was driven by Jill Hanson.

9. Ms. Hanson, negligently, carelessly, recklessly and unlawfully operated a motor vehicle so as to cause a two vehicle crash within Missoula County involving Kimberly.

10. Kimberly was not negligent with respect to this crash.

11. Kimberly sustained substantial medical, employment, and general damages as a result of this crash.

12. As a direct and proximate result of the negligence, carelessness and recklessness of Ms. Kelly, Kimberly was required to employ physicians for medical treatment of her injuries.

13. Kimberly continues to incur further medical treatment costs for these injuries.

14. As a further direct and proximate result of the negligence, carelessness, and recklessness of Ms. Kelly, Kimberly has lost the enjoyment of an established course of life, lost wages, and other damages.

15. The exact amount of her medical care and wage loss costs will be established at trial.

16. Kimberly made a claim against Ms. Hanson's liability insurance policy.

17. That policy was insufficient to cover Kimberly's damages as a result of this crash.

18. Allstate was made aware of the claim and that the liability insurance

company offered a policy limit settlement in exchange for a release of its insured.

19. Kimberly accepted this offer, knowing that she could rely on her UIM coverage to obtain fair compensation of her total loss from this crash.

20. Kimberly complied with all duties required of an insured under her insurance contract with Allstate.

21. Kimberly submitted a UIM claim pursuant to her coverage contract.

22. Kimberly's claim value was in clear excess of the underlying liability policy limit.

23. Allstate has refused to make a reasonable offer to resolve Kimberly's UIM claim.

24. Allstate has failed to abide by the terms of the contract with Kimberly.

25. Kimberly has suffered damages as a result of Allstate's breach of contract.

26. Allstate compelled Kimberly to initiate litigation to recover a reasonable sum on this claim.

## CLAIM I:   Breach of Contract

27. Plaintiff incorporates ¶¶ 1–26 to support this claim.

28. Kimberly and Allstate had a contract.

29. Kimberly was obligated to pay a premium for UIM coverage.

30. Kimberly paid her premium.

31. Allstate was obligated to make her whole if she was in a car crash with a driver who was underinsured.

32. Kimberly was in a car crash with a driver who was underinsured.

33. Allstate has failed to make Kimberly whole.

34. Allstate has breached its insurance contract with Kimberly.

35. Kimberly has suffered damages as a result of the breach of contract.

**WHEREFORE**, the Plaintiff prays for Judgment against the Defendant as follows:

1. For a reasonable award to compensate the Plaintiff for necessary and reasonable past and future medical expenses due under the UIM contract in amounts to be specified proved at trial;
2. For a reasonable award to compensate Plaintiff for lost earnings and physical disability due under the UIM contract in amounts to be specified proved at trial;
3. For a reasonable award to compensate Plaintiff for past and future pain of body and mind, loss of enjoyment of life, loss of established course of life, due under the UIM contract in amounts to be specified proved at trial;
4. For a reasonable award to compensate the Plaintiff for other breaches of contract to be specified and proved at the time of trial;
5. For attorney fees under the insurance contract;
6. For such other and further relief as the court deems just, proper and equitable.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY OF ANY AND ALL DISPUTED FACTS.**

DATED this 18th day of May, 2018.

LAW OFFICE OF MARTIN JUDNICH

_____
Vincent J. Pavlish
Attorney for the Plaintiff